court abused its discretion at Mr. Tucker's trial by admitting unproved and highly prejudicial propensity evidence under Federal Rules of Evidence 414 and 404B and in contravention of Rule 403. Although it's briefed in our briefing, Your Honors, there's really no need to address the categorical approach in this case. The evidence of Mr. Tucker's 2010 Woodbury County lascivious conduct with a minor conviction was admitted by the court under both Rule 414 and 404. It should not have been admitted, in particular, under Rule 414. And the significance there, of course, is because Rule 414 allows the jury to consider that as propensity evidence. The problem in this case, of course, is that the district court relied on dismissed allegations. Mr. Tucker was convicted of a lesser charge than the sex abuse charge that was first charged against him. In relation to the original sex abuse charge lodged against him in 2010, there were serious allegations, of course, that he had crossed state lines and engaged in intercourse with a 13-year-old child. That was merely an allegation. Eventually, Mr. Tucker pled guilty to lascivious conduct with a child in violation of Iowa Code Section 709.83. The elements of that are that he solicited a child to engage in a sex act. Under Iowa law, solicitation is just that. It's complete when a request is made. Mr. Tucker did not admit as part of his plea agreement that he crossed lines and had intercourse with a 13-year-old. He did not admit any physical contact with that 13-year-old. He only admitted soliciting a minor to engage in an unidentified sex act. Why does that matter, though? Because we're not talking about convictions here. 414 and 413 have nothing to do with convictions. They have to do with conduct. It sounds to me like you want to engraft the word conviction into that rule. I do not, Your Honor. The key here is, of course, the allegations from the affidavit related to that underlying dismissed sex abuse charge were actually given to the jury in this case. They were the basis on which the court decided to admit this lascivious conduct with a child conviction at Mr. Tucker's trial. The reason the jury was allowed to consider the fact of that conviction as propensity evidence. The problem, of course, is that he didn't plead guilty to sex abuse. There's no evidence whatsoever in the record of what facts he admitted as part of his plea to solicitation of a child. Was he not on video essentially admitting the offenses? Did he not say that he had done that? Your Honor, I think that the video speaks for itself and the weight to be given to his statements to the police officer during his post-Miranda interview were for the jury to decide. Now, certainly the weight that the jury is going to give to that interview will be influenced by the fact that these incredibly inflammatory allegations that were unproven and never even admitted by Mr. Tucker were allowed to be considered as propensity evidence. That influences the jury's credibility determinations of the only officer who testified at the trial. It influences the way that the jury is going to perceive the statements that Mr. Tucker made in that video. And importantly, Mr. Tucker was charged with the crimes in this case. So the question wasn't whether he generally possessed or received child pornography. It was whether he possessed and received a specific child pornography at issue in this case. The propensity evidence is incredibly significant. By admitting and having been convicted of solicitation of a minor, all he admitted was that solicitation. To be admissible as propensity evidence under Rule 414, however, there has to be some sort of conduct or attempted hands-on conduct. In fact, 414 specifically defines child molestation as any conduct involving offenses under 109 or Chapter 110, which of course requires hands-on contact, engaging in a sex act with a minor, or attempting to do so. And that's very important because a solicitation is not an attempt. So under Rule 414, since we're not concerned specifically about convictions, we're concerned about conduct, the government could have called the child victim to testify without any problem at all. The child could have sat up there and said every single thing that was in the affidavit because we let those kids testify whether there has been a conviction or not, you know. And so the problem here is the receipt of the statement in connection with the conviction? The problem is the receipt of the statement because that was specifically dismissed by the state court and there's no evidence in the record that Mr. Tucker ever admitted that. You're correct. Right, but it doesn't matter whether he admits it or not. We put kids on the stand all the time, or adults, that say, when I was 13, I was molested by that man. And that's not a problem. But the government didn't put the child on the stand. Right, the government didn't do that. Correct. So the problem here is in the nature of the conviction itself, not the evidence itself. The evidence could have come in any number of ways. It came in through his own statements, in part, right? The jury could draw that inference, could have come in through another witness. I think the key, Your Honor, is that it's incredibly inflammatory for the jury, not only, even if we accept that the lascivious conduct conviction should have been admitted, which I do not accept. I think it clearly does not satisfy the definition of child molestation in Rule 414. But if we say that it did come in, then I think we still have additional problems because the district court made no effort whatsoever to tell the jury what are appropriate uses for that evidence, to tell the jury what, yes, propensity evidence can be used for this, but ultimately you have to decide this case based on the facts in this case. Was there a request to the judge to instruct the jury in that way? Well, Your Honor, at all times, Mr. Tucker objected to the admission of any information. The objection now is that the judge should have, there was no instruction of some, I guess, some limitation or strictures associated with this evidence. And my question is, was such an instruction requested? So it's a little tricky on that point, Your Honor, because we have the interplay of Rule 404. If we say that the, I think there's kind of two components here. You have, should the conviction itself for solicitation of a minor have come in? Under Rule 414, I'm inclined to say no. Under Rule 404, perhaps. Okay, I remember now. Okay. Yes. And so the judge had originally allowed the evidence in under Rule 404, had planned to give a limiting instruction, but then added in the 414. There was no further request for some sort of limiting instruction. Your Honors, I think I'll stop now, reserve the remainder of my time for rebuttal unless you have any immediate questions. Good morning, Your Honors. May it please the Court. Craig Hammond on behalf of the United States. This case ultimately comes down to Mr. Tucker's admissions. He admitted that he received child pornography and he admitted that he possessed child pornography. The case came in at the cyber tip in 2022 from Google to the National Center for Missing and Exploited Children. They were able to provide some identifying information about the IP addresses that were used to upload the child pornography to the Google infrastructure. Those bits of information allowed law enforcement to connect these email addresses back to the defendant because the email address contained an alteration of the defendant's name. He was listed as the registered owner and the numbers associated with the email address corresponded to the defendant's date of birth. Then in February of 2023, the pornography. He admitted to the emails that were associated with the cyber tip, admitted to the conduct that landed him on the sex offender registry that ultimately led to his conviction. So he admitted to the owning and controlling the email address that was used to upload the child pornography to the Google infrastructure. He also then admitted to the conduct that landed him on the sex offender registry that was the conviction that became the basis for the motions under 414 and 404B that the government filed. So the government's position is that the district court did not abuse its discretion in admitting the evidence under 414. The district court rejected the categorical approach in analyzing 414, understanding some of the points the court has already made on that. Again, we don't believe that necessarily the conviction is the controlling point. I think it's at least something to consider. Sometimes it's one of the best pieces of evidence in showing that something active, child molestation, has occurred in the past. But it's not necessarily the controlling thing and a reliance on Mathis and Taylor and those element matching things I think is misplaced because the conviction is not the triggering thing to allow the admission of that propensity evidence. You're saying it was harmless if it was error? Agreed. I would say that harmless error is our best argument. The admission not being a violation or a, sorry, the district court did not abuse its discretion in admitting the evidence. And even if they did. That's not what I'm asking. Assuming that it wasn't abuse of discretion. Are you saying that it was nevertheless harmless to admit it? Correct. Even if it was wrongly admitted? Given the overwhelming evidence? I just want to make sure. Thank you. What about this? There's been some discussion about the jury instructions, failure to instruct the jury. Has any of that been preserved? I mean, I found when I looked at the jury instructions, I found it odd that there wasn't an instruction that said you've heard evidence about a prior act. You can't be convicted on the basis of that prior act, blah, blah, blah, blah. Because it's pretty standard when you look at these kind of cases. And it appears like it may have just been an oversight that it wasn't in the instructions. Also, I didn't see anywhere in the record where anyone asked for it to be given. Am I right on that? No. The trial counsel did ask, did propose an other act's jury instruction that was ultimately objected to by defense. Once the objection was sustained, trial counsel didn't remove or move again to propose a jury instruction, a limiting instruction a second time. But the... Was the request for the standard form instruction? Correct. The model instruction? The model instruction on other acts. And the question is, that was not given in this case? Correct. Even though there was evidence other acts? Correct. Has that issue been preserved? I don't think so. The defense did not object to or did not ask a limiting instruction to be given after the evidence did come in at trial. In fact, the only arguments on the instruction issue were pre-trial and then the pre-trial conference the morning of trial where they maintained their objection to the introduction of the evidence. And because of that, objected to the instruction of other acts evidence, even though the court had already granted the admission of the evidence under 404B and reserved ruling on admission of the evidence under 414. And then the morning of trial granted the government's request under 414 in addition to granting the request under 404B. Yeah. And so I obviously missed that when I was looking at the transcript, so I have to go back and read it. It's pretty far back in the docket. The original joint proposal of jury instructions, I believe it's instruction number eight, lists at the bottom then that there is an objection by the defense to the instruction of that. There was discussion on that? And the judge just, did he explain why he thought that other acts instruction was improper? I think the way the court ended up wording it at trial was that if the evidence came in, that we could readdress the issue and then it never got readdressed. We'll deal with that once we see the evidence, which pre-trial is perfectly appropriate. But at the end, nobody asked for an instruction on other acts. That's correct. So at that point, it would have been abandoned and it's not been briefed fully and so it's not preserved? Correct. I would say either abandoned or invited error in some way into. As a theoretical matter, if it came in under rule 414, would you need the rule 404B limiting instruction? Definitely not the 404B limiting instruction. There is technically a much lighter 414 limiting instruction, but that basically echoes what instruction number one already says is that the defendant is only on trial for this charge. So this only becomes a problem if it's admitted under 414, or if it's not admitted admissible under 414, but it would be admissible under 404B. Yes, but I think it's even still not necessarily that big of an issue because jury instruction number one does tell the jurors you're really only to consider any evidence you hear for whether or not this person committed this crime. They're to be tried for no other crime. And so kind of taking all of those things into account, the entirety of the jury instruction packet, I don't think that the failure to instruct would necessarily cause it a fatal error if the court didn't find that it was properly admitted under 414, didn't find, and then fell to the 404B findings of the district court. I can't remember if this is the case or not, but there was some question I think about which of the specific elements it would have been under 404B, whether it was mistake, opportunity, whatever. Did the district court ever make a definitive ruling, or was this the one where the district court said, well, it's got to be one of those? The district court was maybe a little vague in some of it. I think of the non-propensity purposes for which it was admitted, the identity is probably the best of those because, as I stated at the very beginning, the facts detailed that the defendant's sex offender registry required him to then list all of his online handles that he uses, and one of those handles tied right back to that cyber tip from Google that the user uploading child pornography on their infrastructure was using this email address, and the agent was then able to connect that to the defendant relatively quickly once he had received that information from NCMEC. So, kind of just summing up, any error was harmless if there was error. Our position is that 414, that it was properly admitted under 414 given that the underlying facts that the district court was able to review and understand taking all of the things into consideration, the defendant's admissions, the complaint information that was provided as part of Exhibit 10, as well as the plea agreement. The defendant was charged with traveling across state lines to engage in sexual intercourse with a 13-year-old. He pled guilty to the lascivious acts with that same 13-year-old, and she's listed in the continuing no contact order as part of the plea agreement in that case. And then the defendant was specifically teed up during the post-Miranda interview by Agent Larson, you landed on the sex offender registry for some conduct involving a 13-year-old, the defendant responded, yeah. And they kind of had this little bit of back and forth that was in my brief about the defendant's sexual interest in children that young. So taking all of those things into consideration, taking the defendant's statements, particularly some of the more egregious ones that he looks at these images just like they're any other image, the amount of overwhelming evidence would result in a harmless error finding, even if the court were to find errors, by the way. If the court doesn't have any other questions, I'm... Thank you. Okay, thank you. All right. Ms. Jansen, I have just a question that kind of ties together a couple of ideas. The first is, is that the idea that instruction number one says that the defendant's only on trial for the crime charged in this case, and he can only be convicted based on the evidence that applies to this particular case, which actually kind of tracks what a 414 other acts instruction would say. He said that there is no error, that taken as a whole, the instructions are fine. So we're left then with the question of admissibility, and he says that it's harmless error. Why is it not harmless error, given all the other evidence? Sure, Your Honor. I think that the question of harmless error, of course, it comes down to a question of unfair prejudice. In the Schneebel case, the court said that it will be a harmless error if the probable impact on the minds of the average jury would have thought that the government's case was just as persuasive without the evidence. As I've noted here, we have not just the admission of the prior conviction, lascivious acts with the child, but we have all these underlying, dismissed, unproved, never admitted allegations. Those are highly inflammatory. They're not just inflammatory, the government specifically relied on them in its closing argument. When asked if he has an interest, Mr. Tucker says no. He waffles. Why is that? We know he doesn't mean it. He does have an interest in these images, and how do we know? From his prior offense. And then it goes on and talks about that, and how you have a copy about that information in your exhibit book, and how you can learn about that. Well, certainly all of that is going to have a significant influence on how the jury does its job as a credibility finder. In weighing those statements that Mr. Tucker made in his interview, in weighing the testimony given by the officer, and in this case, your honor, I think that the admission of unproved, dismissed allegations when he pled guilty to a mere solicitation conduct absolutely would have had a significant effect on the way that the jurors viewed this evidence. But even so, it doesn't mean that he wouldn't have been convicted anyway. It doesn't, your honor. That's a harmless error standard. Well, your honor, I don't think that the evidence is so overwhelming. In fact, if you listen to Mr. Tucker's interview in its entirety, he makes many references to other people having access to his phone. There's all sorts of different ways that the jury could have viewed his credibility in deciding what it did and didn't believe. It actually acquitted on two counts, so the jury was paying very close attention to what was going on in this case, and I submit might have weighed the evidence differently, and certainly would have thought the government's case less persuasive had it not received these inflammatory allegations. Thank you. The court appreciates the argument in briefing. We'll take the matter at advisement. You'll hear from us in due course. Thank you, and the clerk may call the next case.